HORNSBY, Chief Justice
(concurring specially).
I agree with Justice Jones’s special concurrence and would also point out that the exception recognized in Fennell Realty Co. v. Martin, 529 So.2d 1003 (Ala.1988), is not novel. The Restatement (Second) of Torts § 353 (1965) reads as follows:
“§ 353. Undisclosed Dangerous Conditions Known to Vendor
“(1) A vendor of land who conceals or fails to disclose to his vendee any condition, whether natural or artificial, which involves unreasonable risk to persons on the land, is subject to liability to the vendee and others upon the land with the consent of the vendee or his subvendee for physical harm caused by the condition after the vendee has taken possession, if
“(a) the vendee does not know or have reason to know of the condition or the risk involved, and
“(b) the vendor knows or has reason to know of the condition, and realizes or should realize the risk involved, and has reason to believe that the vendee will not discover the condition or realize the risk.
“(2) If the vendor actively conceals the condition, the liability stated in Subsection (1) continues until the vendee discovers it and has reasonable opportunity to take effective precautions against it. Otherwise the liability continues only until the vendee has had reasonable opportunity to discover the condition and to take such precautions.”
JONES, J., concurs.